JUDGE ROBERTSON
delivered the opinion of the court:
While, in the fall of the year 1861, Generals Johnston, Hardee, and Buckner, with their large Confederate army, occupied Bowling Green, and maintained military supremacy, and under its auspices a provisional civil government also, over that section of Kentucky, they fortified “ Baker’s' Hill” overlooking the town, and on which the appellant with his family then resided. In the construction and subsequent occupancy of these fortifications there was much devastation of houses, fences, timber, and fruit and ornamental trees, greatly to the damage of the owner. Either yielding to inevitable necessity, or satisfied with General Buckner’s assurance that all resulting damages should be assessed and paid, the appellant apparently acquiesced. Afterwards, three commissioners, one of whom was chosen by the appellant, who seemed satisfied with the other two also, assessed the damages at $7,700; but whether the award was ever satisfied is a question not clearly solved either way.
After that army had evacuated Bowling Green and left the State, Baker, denying that he had ever received any portion of the amount awarded to him, brought this action of trespass and conspiracy against the appellees, all non-combatant citizens, charging them with aiding the army, by the labor of their slaves and other *502 wise, in the spoliations complained of. Each of the defendants (now appellees) filed an answer, denying the imputed conspiracy, and alleging that all the aid which was furnished was extorted by what they understood to be a military requisition, and by a belief that a failure to furnish any supplies of labor, &c., would be followed by impressment and perhaps impi’isonment. And all the testimony, fairly considered, authorized the jury so to decide. The verdict for the defendants was therefore authorized by the evidence, and consequently the judgment upon it in bar of the action must stand, unless there was some essential error in giving or refusing instructions on the trial.
The occupation of Bowling Green and the surrounding country by a Confederate army, and the installation of a temporary civil government under its military cover, suspended, co-extensively with their potential range, the government and laws of Kentucky, and not only compelled, but legalized submission to the authority, however spurious, of the de facto power. During the prevalence of that power, to which the appellee actually swore fealty, the allegiance of the appellees to Kentucky, who failed to protect them as her citizens, was suspended and merged in their constrained allegation to the actual government pro hac vice. If the acts complained of in this suit were technically belligerent, the appellees may have been excusable; and if there be legal responsibility anywhere for the damages, it would rest solely on those whose will controlled their acts, and who, even if the acts were truly belligerent, might be liable on General Buckner’s contract; or, not being belligerent as between parties, then, under the same de facto government, they might be liable on the principle that every government *503 should pay its own citizens or subjects for private property appropriated to public use.
However all this may be, the appellees, according to the deductions which the jury were authorized to make, and seem to have made, should not be held responsible for the damages — 1st. Because their agency was involuntary; 2d. Because they had a right to believe the appellant had, for conventional compensation, sanctioned what was done, and waived all pretense of right to complain of them; and, 3d. Because, though the probability rather preponderates against the conclusion, supported by one witness, that the appellant had recovered the whole amount awarded to him for his claim to damages, yet the jury might reasonably have found, as perhaps they did, that he had been thus fully satisfied.
Tested by the facts and principles herein recognized, the instructions given on both sides were substantially right, and those refused to the appellant were substantially wrong; and, finding no available error to the appellant’s prejudice, in either giving or withholding instructions, the verdict and judgment should stand.
Wherefore, the judgment is affirmed.